UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RICKY FORRESTER                                                                          PETITIONER

V.                                                            CIVIL ACTION NO.1:09CV107-SA-JAD

JESSE STREETER, et al.                                                              RESPONDENTS

REPORT AND RECOMMENDATION

The respondents have moved to dismiss the petition for writ of habeas corpus (Doc. 6) asserting it is untimely filed under 28 U.S.C. § 2244(d). The petitioner has filed no response to the motion and the time for doing so has now expired.

Title 28 U.S.C. §2244(d) provides:

(D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing a application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Forrester was convicted of the sale of cocaine in the Circuit Court of Clay County, Mississippi, and sentenced to 18 years in the custody of the Mississippi Department of Corrections with five years of post release supervision. His conviction and sentence were affirmed by the Mississippi Court of Appeals on December 11, 2007. Forrester did not pursue discretionary review

by the Mississippi Supreme Court. His conviction became final for the purposes of triggering the federal statute of limitations 14 days after the Court of Appeals decision (M. R. A.P. 40) or on December 26, 2007. The federal period of limitations was tolled for a period of 30 days from March 10, 2008, when Forrester filed a petition for postconviction relief with the Mississippi Supreme Court, through the denial of that petition on that April 9, 2008. Because of this period of tolling Forrester's petition was due in this court not later than January 26, 2009. Forrester's petition however was not stamped filed until April 22, 2009. He failed to date the petition, but giving him credit for three days mailing time, his petition was still almost 3 months past the federal period of limitations. He cites no rare or exceptional circumstances which would warrant equitable tolling.

The undersigned therefore recommends that the petition in this case be dismissed with prejudice as time barred.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the

dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 13th day of August, 2009.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE